# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DERRYCK HENSON,

              Petitioner,         :    Case No. 1:12-cv-602

   - vs -                            District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,
                                 :

              Respondent.

# REPORT AND RECOMMENDATIONS

This is an action under 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner, represented by counsel, seeks release from the term of imprisonment of fifteen years to life imposed on him by the Hamilton County Common Pleas Court upon his conviction for murder in violation of Ohio Revised Code § 2903.01 (Petition, Doc. No. 1, ¶¶ 1, 3, 5).

Henson pleads the following two Grounds for Relief:

> **Ground One:** The State's prosecutor's [sic] possessed exculpatory evidence that it failed to provide to Petitioner's defense counsel. This evidence consisted of inconsistent statements made by the only eyewitness to the crime and significant benefits provided to the witness in exchange for her cooperation. This was made all the more important because the witness had been deposed prior to trial and could not be confronted by this evidence. Here, the Court's [sic] applied a sufficiency analysis rather than a due process analysis ignoring the basic constitutional right of confronting the witness.

> **Ground Two:** Petitioner was denied the right to information of his accuser. Prior to trial, previous counsel agreed to take the deposition of the state's only eyewitness. After the deposition was taken, previous counsel was replaced. Counsel requested that the witness be produced in lieu of the deposition. This was denied.

1

Following the playing of the deposition, counsel learned for the first time that the state had withheld evidence that the deposed witness had first lied to investigators and also was placed in a witness protection program that provided her with money and an apartment to stay in. Since this information was not given to counsel who deposed the witness, she would not be confronted about her lies and benefits received at the time she agreed to cooperate. The evidenced evidence undermines confidence in the verdict.

(Petition, Doc. No. 1, PageID 4-6.)

**The Statute of Limitations**

Respondent Warden asserts that the Petition is barred by the statute of limitations enacted

in 28 U.S.C. § 2244 which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent analyzes the time bar issue as follows:  Henson's conviction became final on direct appeal on December 30, 2009, when the Ohio Supreme Court declined to review the conviction. (Return of Writ, Doc. No. 7, PageID 29.)  Therefore the one-year statute of limitations began to run ninety days later when Henson's time for seeking a writ of certiorari from the United States Supreme Court expired[1] and ran until March 31, 2011, unless tolled by the proper filing and pendency of an application for state post-conviction or other collateral review.  On March 16, 2009, Henson filed a petition for post-conviction relief under Ohio Revised Code § 2953.21.  The eventual appeal to the Ohio Supreme Court was dismissed on March 7, 2012, and the Petition was filed here on August 9, 2012 (Doc. No. 1).  The statute of limitations defense, then, turns on whether the petition for post-conviction relief was "properly filed."

After Henson lost on the merits of his post-conviction petition, he appealed.  The First District Court of Appeals held:

> We hold that the common pleas court properly dismissed Henson's postconviction petition, albeit for the wrong reason.  See *State v. Peagler,* 76 Ohio St. 3d 496, 1996-Ohio-73, 668 N.E. 2d 4897, paragraph one of the syllabus (holding that an appellate court made decide a legal issue on different grounds if the trial record supports the decision); *State v. Blankenship* (1988), 38 Ohio St. 3d 116, 119, 526 N.E. 2d 816 (noting that a reviewing court will affirm a trial court that "reached the correct result even though for the wrong reason").  The common pleas court had no jurisdiction to entertain Henson's postconviction claim because he neither filed his petition within the time prescribed by R.C. 2953.21(A)(2), nor satisfied the jurisdictional requirements of R.C. 2953.23 for filing a late petition.  Therefore his petition was subject to dismissal

---

[1] No petition for certiorari was filed.

> without an evidentiary hearing and without findings of fact and conclusions of law. See R.C.. 2953.21 (C) and 2953.23 (A), (B), and (E); *State ex rel. Kimbrough v. Green*, 98 Ohio St. 3d 116, 2002-Ohio-7042, 781, 781 N.E. 2d 155, ¶ 6.
>
> A trial court retains jurisdiction to correct a void judgment. See *State ex rel. Cruzado v. Zaleski,* 111 Ohio St. 3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶¶18-19. But Henson's claimed due process violation, even if demonstrated, would not have rendered his conviction void.
>
> Because the common pleas court had no jurisdiction to entertain Henson's postconviction claim, we overrule his sole assignment of error and affirm the judgment of the court below.

*State v. Henson,* Case No. C-100526 (Ohio App. 1st Dist. Oct. 26, 2011)(unreported, copy at

Return of Writ, Doc. No. 7-1, Ex. 32, PageID 251-52.)

As noted above, Petitioner is represented by counsel in this case who has filed a Traverse

on his behalf (Doc. No. 9).  In the Traverse, counsel asserts:

> From a review of the docket it is apparent that on August 28, 2008 then counsel for Mr. Hanson filed a motion to extend deadlines. The following day an entry extending time to file transcript was signed off by the Court. Then on September 17, 2008 the Clerk designated that the complete transcript had been filed. Unfortunately the actual transcript was time stamped September 15, 2008 and the clerk waited two days to make the entry on the docket. When counsel reviewed the docket to determine when the petition needed to be filed, they believed themselves to be within time.

(Traverse, Doc. No. 9, PageID 1250.)  Even though a complete copy of the state court record has

been filed in this proceeding on Judge Bowman's Order, counsel provides the Court with no

record references to these various items.  A copy of a page from the docket sheet which appears

at Return of Writ, Doc. No. 7-1, PageID 208, shows an entry which reads "9/15/2008 Complete

Transcript of Proceedings - under appeal – (C080261, B0700102)."  The same docket sheet does

not show either the August 28, 2008, motion to extend deadlines or the August 29, 2008, entry

4

granting that extension to which habeas counsel refers.  Nor does it show any entry for September 17, 2008, from the Clerk designating that the complete transcript had been filed.  A page-by-page review of the record filed by the Respondent reveals none of the documents referred to by counsel.  No such documents are attached to the Traverse nor has Petitioner filed a motion to expand the record to include any such documents.

Henson's counsel argues that this Court should grant him equitable tolling of the statute and cites a number of cases in support. (Traverse, Doc. No. 9, PageID 1251-52.)  The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling.  *Holland v. Florida*, 560 U.S.  631, 130 S. Ct.. 2549 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562  , *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

However, the delay Henson is asking this Court to excuse is not his delay in filing in this Court, but his two-day delay in filing his petition for post-conviction relief in the common pleas court.  As a general proposition, limitations periods, even as against the United States, are subject to equitable tolling, whereas time bars which limit the jurisdiction of courts are not. *Irwin v. Veterans Administration,* 498 U.S. 89 (1991).  The First District Court of Appeals plainly held that the common pleas court had no jurisdiction to entertain Henson's late-filed petition for post-conviction relief.  That is consistent with the language of the statute ("may not entertain") and other reported cases.  *See, e.g., State v. Hensley*, 2003 Ohio 6457, 2003 Ohio App. LEXIS 5768 (9th Dist. 2003); *State v. Wright,* 2005 Ohio 4171, 2005 Ohio App. LEXIS 3805 (6th Dist. 2005); *State v. Sheets*, 2005 Ohio 803, 2005 Ohio App. LEXIS 845 (4th Dist. 2005); *State v. Simms,* 2004 Ohio 3955 2004 Ohio App. LEXIS 3600 (8th Dist. 2004); *State v.*

*Fields,* 183 Ohio App. 3d 647 (1st Dist. 2009). Henson's counsel cites no authority to the contrary.

This Court is bound by the First District's conclusion that the Hamilton County Common Pleas Court did not have jurisdiction of Henson's late-filed petition for post-conviction relief. And a collateral review proceeding filed with a court which does not have jurisdiction to entertain it is not "properly filed" within the meaning of § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The First District Court of Appeals rendered its "no jurisdiction" decision October 26, 2011. Rather than file immediately in this Court and raise the argument about misunderstanding the time for filing the post-conviction petition, counsel waited more than nine months to file the Petition here on August 9, 2012. Counsel offers no explanation for that delay.

Henson's habeas counsel suggests this Court should hold an evidentiary hearing to allow post-conviction counsel "to explain to this court why the petition [for post-conviction relief] was filed when it was filed." (Traverse, Doc. No. 9, PageID 1252.) However, such a hearing is barred by *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388 (2011). We could only hold a hearing on the reasons for the delay if we first found that the First District's decision "was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Given that the only docket sheet to which this Court has been referred shows the transcript was complete on September 15, 2008, a filing on March 16, 2009, was not within 180 days.

**Conclusion**

On the basis of the foregoing analysis, the Petition should be dismissed with prejudice. Because the law of equitable tolling remains in development, Petitioner should be granted a certificate of appealability on that issue should he wish to appeal.

October 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).