# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DERRYCK HENSON,

        Petitioner,    :    Case No. 1:12-cv-602

- vs -

                              District Judge Michael R. Barrett
                              Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Respondent's Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations on Motion for Certificate of Appealability ("Appealability Report," Doc. No. 20). Upon preliminary consideration of the Objections, District Judge Barrett has recommitted the appealability question to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 22).

"A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). Respondent's Objections were filed electronically and thereby served on Petitioner's counsel (Objections, Doc. No. 21, PageID 1295). By operation of Fed. R. Civ. P. 6(d), Petitioner's time to respond to the Objections was extended to 17 days, or December 23, 2013, but no response was filed.

The Report and Recommendations on the Merits ("Merits Report," Doc. No. 11), recommended a certificate of appealability be granted on Petitioner's equitable tolling claim, but only on that claim. *Id.* at PageID 1263. The Merits Report was adopted by Judge Barrett

1

without objection by either party (Order, Doc. No. 12).  Petitioner filed a one-line Motion for Certificate of Appealability (Doc. No. 18).  In the Appealability Report, the Magistrate Judge recommended that a certificate of appealability be issued, limited to the equitable tolling issue because that was the only issue thus recommended in the Merits Report which had been adopted without objection (Appealability Report, Doc. No. 20, PageID 1287-88).

Respondent now argues Henson has waived the right to appeal the Court's equitable tolling decision because he never objected to the Magistrate Judge's determination that the equitable tolling claim was without merit (Objections, Doc. No. 21, PageID 1290-91).  That argument is well taken.  A party who is notified of his obligation to object to a report and recommendations but who fails to do so has waived the right to appeal on any recommendation not objected to.  Ordinarily, parties who do not "substantially prevail[] in a magistrate judge's recommendation" must "file objections with the district court or else waive [the] right to appeal." *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005). "'[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review.'" *Id*. at 585 (*quoting Smith v. Detroit Fed'n of Teachers*, *Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987)).

Because Henson filed no objections at all to the Merits Report, he is not entitled to appeal any issue included in that report and adopted by Judge Barrett without objection.  Accordingly, the prior Report and Recommendations recommending that a certificate of appealability on the equitable tolling claim be issued is WITHDRAWN and the Magistrate Judge now recommends that Henson be denied a certificate of appealabity because he has waived his right to appeal any issue dealt with in the Merits Report.

December 27, 2013.

                   s/ *Michael R. Merz*
                   United States Magistrate Judge

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).