IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DERRICK HENSON,

        Petitioner,      :      Case No. 1:12-cv-602

- vs -      District Judge Michael R. Barrett
      Magistrate Judge Michael R. Merz

WARDEN, Lebanon
 Correctional Institution,

            :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Leave to Amend Original Habeas Corpus Petition (ECF No. 29). As a post-judgment motion it is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended disposition.

Mr. Henson filed his Petition for Writ of Habeas Corpus in this Court on August 9, 2012 (ECF No. 1). Respondent pleaded that the Petition was time-barred under 28 U.S.C. § 2244. The Magistrate Judge recommended the Petition be dismissed on that basis, but that Henson be granted a certificate of appealability on his claim of equitable tolling (Report, ECF No. 11, PageID 1263). Mr. Henson filed no objections and Judge Barrett adopted that Report (Order, ECF No. 12). Judge Barrett then reaffirmed issuance of a certificate (ECF No. 25). On appeal the Sixth Circuit affirmed denial of equitable tolling. *Henson v. Warden*, Case No. 13-4322 (6th Cir. July. 29, 2015)(unreported; copy at ECF No. 27). The Sixth Circuit mandate issued August

1

20, 2015. Mr. Henson filed the instant Motion November 1, 2016.[1]

The essence of Mr. Henson's argument in the instant Motion is that he can now show extraordinary circumstances that will justify equitable tolling in this case. Thus he does not present a new ground for relief, but contends this Court was in error in not finding equitable tolling previously. This makes the argument one in that nature of a motion for relief from judgment under Fed. R. Civ. P. 60(b). Because it does not seek to present a new ground, but to correct this Court's prior decision, it can properly be considered by this Court and not transferred to the Court of Appeals as a second or successive habeas petition. *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

Considered as a motion for relief from judgment under Fed. R. Civ. P. 60(b), the motion is untimely. Fed. R. Civ. P. 60(c) requires that motions for relief from judgment of the sort involved here must be brought within one year of the date of the judgment complained of. Judgment was entered in this case on October 29, 2013, more than three years before Mr. Henson filed his instant Motion and indeed more than fourteen months after the Court of Appeals entered its mandate in the case.

Because Mr. Henson's Motion is untimely, it should be DENIED.

November 3, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Although the Motion was not received and docketed by the Clerk until November 3, 2016, Mr. Henson is entitled to a filing date of November 1, 2016, when he mailed the Motion (See ECF No. 29, PageID 1333).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).