UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRYCK HENSON,<br>    Petitioner, | CASE NO.: 1:12cv602 |
| v. | Barrett, J.<br>Merz, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendations ("R&R") of the Magistrate Judge. (Doc. 30). Petitioner filed a response to the R&R, which the Court treats as objections. (Doc. 32).

**I.     BACKGROUND**

The procedural background and the pertinent facts have been thoroughly and adequately summarized in the Magistrate Judge's previous R&Rs (Docs. 11, 23, 30), and thus, will not be repeated here. However, the Court will identify the facts relevant to its decision when addressing Petitioner's objections below.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general

objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**III.     ANALYSIS**

On August 9, 2012, Petitioner filed his Petition for Writ of Habeas Corpus. The Magistrate Judge recommended his Petition be dismissed with prejudice as time-barred (Doc. 11). Petitioner was, however, granted a certificate of appealability limited to the question of whether he was entitled to equitable tolling of the AEDPA one-year statute of limitations. (Docs. 20, 25). On appeal, the Court affirmed denial of equitable tolling. *Henson v. Warden*, Case No. 13-4322 (6th Cir. July 29, 2015).

Petitioner filed his Motion to Amend/Correct Petition for Writ of Habeas Corpus at issue herein well over a year after the Sixth Circuit affirmed this Court's Order. (Doc. 29). The Magistrate Judge recommends denying Petitioner's motion, reaching two related conclusions. First, the Magistrate Judge found Petitioner was not presenting a new ground for relief; rather, he argues the Court erred in not finding equitable tolling appropriate. Thus, the Magistrate Judge concluded Petitioner's motion should be treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Second, the Magistrate Judge concluded Petitioner's motion was untimely.

Petitioner objects, arguing he does present a new ground for relief. As best the undersigned can tell, Petitioner appears to argue the extraordinary circumstances present are that he is older now, with a better understanding of the legal system and thus, better able to represent himself. He also asserts because he filed something at least once per year, he should be permitted leave to amend his petition. Finally, he blames previous counsel and the clerk's office for the "procedural bar." (Doc. 32, PageID 1340).

Having reviewed the issue *de novo*, the undersigned agrees with the Magistrate Judge that Petitioner has not presented a new ground for relief. Rather, he again argues he is entitled to equitable tolling as a result of the extraordinary circumstances now present.[1] To the contrary, none of the "circumstances" Petitioner argues are present constitute extraordinary circumstances. Regardless, because Petitioner does not present a new ground for relief, the Magistrate Judge properly treated Petitioner's motion as a Rule 60(b) motion.

Relevant to this motion, Federal Rule of Civil Procedure 60(c) states as follows: "[a] motion under Rule 60(b) must be made . . . no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Because judgment was entered on October 29, 2013, Petitioner's November 3, 2016 motion is untimely. Petitioner's lack of awareness with respect to the Federal Rules of Civil Procedure does not excuse his untimeliness.

Accordingly, consistent with the foregoing, Petitioner's objections (Doc. 32) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 30) is **ADOPTED IN ITS ENTIRETY**. This matter shall remain closed on the docket of the Court.

**IT IS SO ORDERED.**

s/ Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court

---

[1] It bears mentioning that while Petitioner accuses the Clerk's office of backdating motions, there is no evidence to support such egregious accusations.