IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DERRICK HENSON,

        Petitioner,      :      Case No. 1:12-cv-602

  - vs -                          District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WARDEN, Lebanon
  Correctional Institution,

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO APPEAL *IN FORMA PAUPERIS*

      This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Leave to Appeal *in forma pauperis* (ECF No. 36).  The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous.  *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

      28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,*

178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

Petitioner wishes to appeal the denial of equitable tolling that caused his Petition herein to be dismissed as barred by the statute of limitations  When the Petition was dismissed, this Court granted Henson a certificate on that issue and the Sixth Circuit held he was not entitled to equitable tolling. *Henson v. Warden*, Case No. 13-4322 (6th Cir. Jul 29, 2015)(copy at ECF No. 27).  Thus the issue of equitable tolling has been decided by the Court of Appeals and it would be frivolous to raise it again in the same case.  Mr. Henson fails altogether to assert what claim on ineffective assistance of trial counsel he intends to raise.  Moreover, the judgment from which Mr. Henson appeals is a denial of a motion for relief from judgment on the grounds it was untimely; he gives no idea what basis he has for appealing that ruling.

In sum, Mr. Henson proposes no non-frivolous issues to raise on appeal.  His Motion to Appeal *in forma pauperis* should therefore be DENIED.

July 26, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).