# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DERRYCK HENSON,

               Petitioner,    :    Case No. 1:12-cv-602

   - vs -                            District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                                :

               Respondent.

# REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on remand from the Sixth Circuit Court of Appeals "for the sole purpose of determining whether to grant or deny a certificate of appealability, pursuant to Federal Rules [sic] of Appellate Procedure 22(b)." (ECF No. 40, 1362).

The Court entered judgment on the merits of this case October 29, 2013 (ECF Nos. 12, 13). Henson appealed and District Judge Barrett issued a certificate of appealability limited to the question of whether Henson was entitled to equitable tolling (ECF No. 25). On July 29, 2015, the Sixth Circuit affirmed this Court's dismissal of the Petition as untimely. Concluding Henson was not entitled to equitable tolling.. *Henson v. Warden*, 620 Fed. Appx. 417 (6th Cir. July 29, 2015).

More than a year later Henson moved to amend his original Petition (ECF No. 29). Because Henson did not plead a new ground for relief, Magistrate Judge recommended the Motion be treated as a motion for relief from the original judgment under Fed. R. Civ. P. 60(b).

1

The time limit on such motions under Fed. R. Civ. P. 60(c) is one year and the Motion was filed more than three years after judgment. The Magistrate Judge thus recommended that it be denied as untimely (Report, ECF No. 30). District Judge Barrett adopted that recommendation (ECF No. 34). Henson appealed (ECF No. 35) and his appeal was assigned Case No. 17-3782 (ECF No. 38). This is the appellate case that has been remanded.

Fed. R. App. P. 22 proscribes an appeal "in a habeas corpus proceeding" without a certificate of appealability. The Magistrate Judge had read that Rule as requiring a certificate of appealability ruling only on merits appeals, but the Sixth Circuit appears to read the rule as relating to any appeal in a habeas corpus proceeding.

Henson should be denied a certificate of appealability on his appeal from denial of his motion to reopen the judgment. In his objections to the Report on denial of reopening, he claims he can show equitable tolling as to the original filing by showing deficiencies in attorney performance (Reponse, ECF No. 32). He claims the record demonstrates he did not wait three years "without filing for his freedom in this case. NEVER!!!!!!!!" *Id.* at PageID 1341. Yet the docket clearly demonstrates that judgment was entered October 29, 2013, and the motion for relief from judgment was not filed until November 3, 2016. Yes, there were filings in between, but those filings do not toll the time to file a motion under Fed. R. Civ. P. 60(c). Henson claims he did not know the timeline for filing under Rule 60(b), but the Rule does not have an ignorance of the law excuse.

**Conclusion**

Because reasonable jurists would not disagree that Henson's motion for relief from judgment was untimely, Petitioner should be denied a certificate of appealability.

September 19, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).